# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br>  vs.<br>DANIEL MALAQUIAS MENDOZA (1),<br><br>                             Defendant. | CASE NO. 12CR4710 WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion for revocation of the Magistrate Judge's detention order (ECF No. 185) filed by Defendant Daniel Malaquias Mendoza.

## BACKGROUND FACTS

On November 9, 2012, Defendant was arrested pursuant to a Complaint.

On November 14, 2012, Defendant was brought before the Magistrate Judge and counsel was appointed. The Government moved to detain the Defendant on the grounds that he was a flight risk. Defendant requested a detention hearing.

On November 16, 2012, an Indictment was filed in the Southern District of California charging the Defendant Daniel Malaquias-Mendoza and nine others with conspiring to manufacture marijuana, in violation of Title 21, U.S.C. §§ 846 and 841(a)(1).

On November 27, 2012, the Magistrate Judge held a detention hearing. The Government made an oral motion for detention and the Court granted the motion

1 without prejudice.

2 On November 29, 2012, the Magistrate Judge entered a Detention Order finding 3 "by a preponderance of the evidence that no condition or combination of conditions will 4 reasonably assure the appearance of the defendant as required." (ECF No. 50 at 1).

5 On January 3, 2013, this Court held a motion hearing.

6 On January 24, 2013, Defendant moved the Court to substitute counsel. The 7 Court granted the motion.

8 On February 25, 2013, this Court held a motion hearing and set dates to file 9 pretrial motions.

10 On July 19, 2013, Defendant moved the Court to substitute counsel. The Court 11 granted the motion.

12 On October 15, 2013, the Magistrate Judge set a detention hearing as requested 13 by defense counsel.

14 On October 29, 2013, the Magistrate Judge held a detention hearing. The 15 Government requested detention on the grounds that Defendant is a flight risk. The 16 Government asserted that there is a rebuttable presumption that no combination of 17 conditions will assure the Defendant's appearance and that the Defendant has not 18 rebutted the presumption. The Government asserted that the evidence shows that 19 Defendant and others used federal public lands to grow marijuana, that Defendant has 20 a prior conviction for possession of marijuana for sale, and that Defendant currently has 21 a warrant for his arrest in Riverside County for cultivation of marijuana. Counsel for 22 the Government stated that Defendant "has an extensive family in Mexico" and "ties 23 to co-conspirators who fled to Mexico." (ECF No. 185-2 at 6). Counsel for the 24 Government asserted that Defendant has no legitimate employment and that the 25 Government believes that Defendant's sole source of income has been marijuana 26 cultivation.

27 Defendant asserted that he worked as a construction foreman laying underground 28 cable and requested a $200,000 bond secured by real property. Defendant asserted that

the presumption had been rebutted based upon his extraordinary ties to the community, including the willingness of a cousin and a "brother-in-law type of relative" to secure the bond with property. Defense counsel stated that Defendant has been living in Orange County since 1993, that his wife and four children are United States citizens, and that Defendant had many supporters in the courtroom.

The Magistrate Judge set bail at $200,000 secured by real property and set conditions of release.

On November 19, 2013 and November 21, 2013, the Magistrate Judge conducted Nebbia hearings examining three proposed sureties. At the November 21, 2013 Nebbia hearing, Government counsel informed the Magistrate Judge that "sources of information have revealed that the word in the area where Mr. Malaquias lives, that is, Perris, California" [is that ] "Mr. Malaquias is going to get out of custody, and that when he does get out of custody, he plans on fleeing to Mexico." (ECF No. 185-4 at 4). Government counsel refused to disclose the basis for his representation but offered to present more detail *ex parte in camera* to the Court in a sealed document.

Counsel for the Defendant asserted that Defendant was not a flight risk and objected to the consideration of *ex parte in camera* information provided to the Court by the Government.

On November 27, 2013, the Government filed a Supplemental Briefing Regarding Defendant's Request for Bail. (ECF No. 169). The Government asserted that the Court should consider "new information and the source of this new information" by way of *in camera* submission delivered to the Court under a separate cover with a request to seal, to determine whether bond is appropriate in light of the newly discovered information.

On December 3, 2013, Defendant filed Defendant's Brief in Opposition to the Government's *Ex Parte* and *In Camera* Submission in Support of Detention. (ECF No. 172). Defendant asserted that *in camera* submissions should be received only under extraordinary circumstances and that this case does not present such circumstances.

1 Defendant asserted that consideration of compound hearsay in this case without any
2 opportunity for the Defendant to challenge the information does not comport with basic
3 notions of fairness and due process.

4 On December 12, 2013, the Magistrate Judge held a hearing. The Magistrate
5 Judge had reviewed the briefs submitted by the parties and the *ex parte* declaration of
6 the government agent. The Magistrate Judge informed the parties that the Court would
7 accept the declaration under seal and consider the declaration. The Magistrate Judge
8 explained:

> The Government has already provided at the last hearing the substance of the statement and the basis, the factual basis of their concern. Their concern is that the Defendant is going to flee to Mexico. And they present two – essentially two facts in support of that. The first is that the statement was made that the word on the street, if you will, was that the Defendant intended to flee to Mexico if he is released from custody.
>
> And the second is that the Defendant has the money to repay the sureties the $200,000 bond, and the Government makes the statement based upon the approximately $100,000 that was seized in U.S. currency from the Defendant's home. So those two facts are the substance of the declaration. And the Defense is aware of that. The rest of the declaration provides facts that establish the credibility of the person providing the information. It is those facts, that is, the ones establishing credibility, that also put the person's safety at risk.
>
> For that reason, I find it's – I believe it's appropriate to file the declaration under seal.

(ECF No. 185-5 at 5-6). After further argument from both parties, the Magistrate Judge
granted the Government's request for reconsideration and ordered that Defendant be
held in custody without bail on the grounds that he presents an unreasonable risk of
flight.

On December 16, 2013, the Magistrate Judge entered an Order that the Defendant
be detained pending trial. (ECF No. 177).

On January 2, 2014, Defendant filed a motion for revocation of the Magistrate
Judge's detention order. Defendant requests that this Court reinstate the previously
ordered conditions of pretrial release. Defendant asserts that the decision of the
Magistrate Judge to consider the ex parte proffer offends due process. The Government
has not filed a responsive pleading.

On January 22, 2014, this Court held a hearing and received evidence and argument.

## APPLICABLE LAW

The Bail Reform Act of 1984 permits pretrial detention of a defendant only where it is demonstrated either that there is a risk of flight or no assurance that release is consistent with the safety of another person or community. 18 U.S.C. § 3142 *et seq*. Congress further identified certain categories of crimes in which a rebuttal presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. In this case, the applicable law provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed–
>
> (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46.

18 U.S.C. § 3142(e)(3). *See United States v. Salerno*, 481 U.S. 739, 750 (1987) ("The act operates only on individuals who have been arrested for a specific category of extremely serious offenses."). "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

This Court reviews the evidence "de novo" and makes its own determination whether to modify the detention order. *United States v. Keonig*, 912 F.2d 1190, 1192-93 (9th Cir.1990). The Court takes into account all available information concerning the factors set forth in § 3142(g) in determining whether there are conditions of release that will reasonable assure the appearance of the Defendant including the nature and circumstances of the offense charged, the weight of the evidence, and the history and characteristics of the Defendant. The weight of the evidence is the least important of the various factors, but it is a factor to be considered under §3142(g)(2). *See United*

*States v. Honeyman,* 470 F.2d 473, 474 (9th Cir. 1972).

## RULING OF THE COURT

In this case, Defendant has a prior conviction for possession of marijuana for sale, and a current warrant for his arrest in Riverside County for cultivation of marijuana. There is probable cause to believe that Defendant committed conspiracy to manufacture marijuana in violation of 21 U.S.C. §§ 846 and 841(a). The offense charged is a very serious offense. If convicted of this offense, Defendant faces a maximum sentence of life imprisonment and a mandatory minimum sentence of ten years imprisonment. 21 U.S.C. § 841(a). Based upon the Defendant's criminal history, the Government can file an enhancement in this case which will subject Defendant to a mandatory minimum sentence of 20 years imprisonment.

While the weight of the evidence is the least important factor, the record reflect that the weight of the evidence is strong. "Defendant had a managerial role in a conspiracy to manufacture large quantities of marijuana for distribution which is supported, in part, by a judicially authorized wiretap of Defendant's telephone conversations with co-conspirators." (ECF No. 177 at 2). At the time of Defendant's arrest, two totes containing 2,776 small marijuana plants were found hidden in the brush near the Defendant and the vehicle associated with him contained the same type of totes without marijuana inside. Defendant was overheard by arresting officers telling associates not to speak to authorities.

Based upon the facts of the arrest, a search warrant was obtained for Defendant's residence. On May 10, 2012, during the search of Defendant's residence, officers located approximately $168,000 in cash secreted within a small structure containing figurines of saints adjacent to Defendant's main residence. In addition to the cash, officers located bank statements revealing money transfers to Mexico.

Defendant is a citizen of the United States with strong family ties in Perris, California and in the Republic of Mexico. Defendant was born in the United States, grew up in Mexico, and returned to the United States in 1993. Defendant is familiar

with crossing into Mexico and crossed in the Mexico four times in the three months prior to his arrest.

Pursuant to 18 U.S.C. § 3142(e), the Government is entitled to a rebuttable presumption that no condition, or combination of conditions, exist that would reasonably assure Defendant's appearance at future proceedings if released on bond. Defendant faces very serious charges and the possibility of a lengthy period of imprisonment. Defendant has a prior conviction involving a similar offense and a current outstanding charge. The weight of the evidence in this case is strong and includes wiretap evidence. Defendant has strong ties to Mexico and a very significant amount of cash close to the total amount of bail originally set by the Magistrate Judge was found secreted at his residence. Based upon these factors, the Court concludes that evidence in the record clearly establishes the risk of flight by a clear preponderance of the evidence and demonstrates that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if released on bond. *See United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985). The Court has not considered or relied in any manner or drawn any inferences from the *ex parte in camera* information provided to the Court by the Government.

IT IS HEREBY ORDERED that the motion for revocation of the Magistrate Judge's detention order (ECF No. 185) filed by Defendant Daniel Malaquias Mendoza is denied.

DATED: January 28, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge